UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GISELLE KAYVAN, et al., <br> Plaintiffs, <br> v. <br> MICHAEL R. POMPEO, et al., <br> Defendants. | Case No. 5:19-cv-08071-EJD <br><br> **ORDER DENYING EX PARTE APPLICATION FOR EXPEDITED DISCOVERY** <br><br> Re: Dkt. No. 17 |

On December 10, 2019, Plaintiffs filed this action against Defendants, alleging that Defendants were improperly withholding adjudications of case-by-case waivers under Presidential Proclamation 9645, Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry into the United States by Terrorists or Other Public-Safety Threats ("PP 9645"). On December 26, 2019, Plaintiffs filed a motion for preliminary injunction (Dkt. No. 7), which pursuant to stipulation, is scheduled to be heard on February 13, 2020 (Dkt. No. 15).

Pending before the Court is Plaintiffs' ex parte application for expedited discovery. Plaintiffs seek to propound four interrogatories to determine what is "holding up" Plaintiffs' waiver adjudications. Mot. 12. The four interrogatories ask for the same information for each waiver applicant. For example, Interrogatory No. 1 asks:

> State what information is still needed to determine that the entry of **FATEMEH HASHEMIAN** (visa case number: ABD2016555003) would not pose a threat to the national security or public safety of the United States. If Defendants are awaiting information from U.S. government agencies, state when the request(s) for that information to U.S. government agencies was made, how and by whom the request(s) was made, and why U.S. government agencies have not provided the information. Finally, state whether Defendants have used the enhanced automated screening and vetting process implemented in July 2019 for

Case No.: 5:19-cv-08071-EJD
ORDER DENYING EX PARTE APPLICATION FOR EXPEDITED DISCOVERY
1

this PP 9645 waiver adjudication.

Dkt. No. 17-2.[1]  Plaintiffs request an order requiring Defendants to respond to the interrogatories seven days prior to the hearing on Plaintiffs' motion for a preliminary injunction.

Rule 26(d) of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."  Fed. R. Civ. P. 26(d).  Courts within the Ninth Circuit generally apply a "good cause" standard in considering motions to expedite discovery.  *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Id*.  The following factors are commonly considered by courts to determine whether there is good cause for expedited discovery: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made."  *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009); see also *Apple Inc. v. Samsung Elecs. Co.*, Case No. 11-cv-1846-LHK, 2011 U.S. Dist. LEXIS 53233, at *4 (N.D. Cal. May 18, 2011).

As an initial matter, the ex parte motion is procedurally improper because it was not filed in accordance with Civil Local Rules 7-1 and 7-10.  On the merits, Plaintiffs have not met their burden of establishing good cause.  First, although there is a preliminary injunction motion pending, this factor alone does not justify expedited discovery.  *Am. LegalNet*, 673 F. Supp. 2d at 1066 ("expedited discovery is not automatically granted merely because a party seeks a

---

[1] The enhanced automated screening and vetting process was implemented in July of 2019 and is designed "to determine whether any additional review is required related to determine whether the applicant has satisfied the national security and public safety waiver criterion." Compl. ¶ 75 (internal quotation). The enhanced automated system is expected to "significantly increase the speed and efficiency of the vetting process for both current and future waiver cases while maintaining all security standards." *Id*. (internal quotation).  It is limited, however, to "current and future waiver cases." *Id*.

Case No.: 5:19-cv-08071-EJD
ORDER DENYING EX PARTE APPLICATION FOR EXPEDITED DISCOVERY
2

preliminary injunction"). Second, although the breadth of the discovery may appear narrow, it presents a significant burden to Defendants. Defendants represent that in order to respond to the interrogatories, they would have to coordinate and compile for each waiver applicant the review status of all the various federal agencies that may be involved in the national security and law enforcement background review. Defs.' Opp'n 20. Defendants also represent that some of this information is privileged and/or classified, and much of it would be in the possession of government agencies who are not defendants in this case. *Id*. Third, Plaintiffs assert that the discovery sought is relevant to determine whether Defendants are "unreasonably" delaying review of their waiver applications, citing to two similar cases in which each court granted expedited discovery: *Poozesh v. Pompeo*, No. 19-1466 LJO (E.D. Cal. Nov. 14, 2019), *sub nom. Motaghedi v. Pompeo*, No. 19-1466 LJO; and *Najafi v. Pompeo*, No. 19-5782 KAW, 2019 WL 5423467 (N.D. Cal. Oct. 23, 2019). The authorized discovery in those cases, however, ultimately proved to have only minimal relevance, if any, to the plaintiffs' preliminary injunction motions. In both *Motaghedi* and *Najafi*, the courts' analysis of the unreasonable delay issue was governed by the factors set forth in *Telecommunications Research and Action Center v. FCC* ("*TRAC* factors"), which are:

> (1) The time agencies take to make decisions must be governed by a "rule of reason;" (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

750 F.2d 70, 80 (D.C. Cir. 1984) (internal citations omitted). The *Motaghedi* and *Najafi* courts analyzed the TRAC factors without relying on any of the authorized expedited discovery and denied the plaintiffs' respective motions for preliminary injunction. *Motaghedi*, 2020 WL 207155, at *4 (noting that plaintiffs "'did not rely on any of those discovery responses to modify

Case No.: 5:19-cv-08071-EJD
ORDER DENYING EX PARTE APPLICATION FOR EXPEDITED DISCOVERY
3

or amend the pending Motion for Preliminary Injunction, which was the purported basis for seeking expedited discovery'"); *Najafi*, 2019 WL 6612222, at *8. Thus, there is no good cause for the requested expedited discovery in the instant case.

Plaintiffs' ex parte application for expedited discovery is DENIED.

**IT IS SO ORDERED.**

Dated: February 4, 2020

EDWARD J. DAVILA
United States District Judge